Present:   Carrico, C.J., Compton, Lacy, Hassell, Keenan and Kinser,
           JJ., and Poff, Senior Justice.

CORRIE L. JAYNES, ET AL.

                                    OPINION BY
v.  Record No. 971959       SENIOR JUSTICE RICHARD H. POFF
                                    June 5, 1998

JON D. BECKER, ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    A. Bonwill Shockley, Judge

     In their principal assignment of error, the several appellants

contend that "[t]he trial court erred in finding that Ford [Motor]

Credit [Company] is in the business of leasing within the meaning of

Virginia Code § 38.2-2205 and that the limitation of liability

coverage provided therein applies."

     The appellants, plaintiffs in this action for declaratory

judgment, include two students injured and the estates of two

students killed in a collision between the vehicle they occupied and

a pickup truck driven by John Brian Haigh.[1]  The appellants are also

plaintiffs in tort actions seeking damages against Haigh who was

convicted and incarcerated for involuntary manslaughter of the

decedents.

---

     [1] The appellants are Corrie L. Jaynes, by her next friend and
guardian, David H. Jaynes, David H. Jaynes, individually, James W.
Raney, Administrator of the Estate of Brian Kent Raney, deceased,
John Partilla and Marlise Partilla, Administrators of the Estate of
Jason Scott Partilla, deceased, and Joseph Allen, individually.
     The appellees, defendants in the declaratory judgment action,
are Haigh, Jon D. Becker, Haigh's Committee, Ford Motor Company
(Ford Motor), Ford Motor Credit Company (Ford Credit), and Michigan
Mutual Insurance Company (Michigan Mutual).

The accident occurred in November 1993 when the Ford pickup truck operated by Haigh crossed the center line of the road and collided head-on with the car occupied by the four students. Haigh had leased that truck on March 11, 1993 for a two-year term from Beach Ford, Inc. (Beach Ford), a car dealership. By language and signatures incorporated in the body of the lease document, Beach Ford assigned "all of Lessor's right, title and interest in and to the Lease and the Vehicle described therein" to Ford Credit. The Virginia Department of Motor Vehicles issued an owner's certificate of title to Ford Credit, and Ford Credit paid the property taxes assessed upon the truck.

At the time of the accident, Ford Motor was the primary named insured under an automobile insurance policy issued by Michigan Mutual providing a maximum liability coverage of $12 million.[2] A policy endorsement defined "Named Insured" as "Ford Motor Company, its subsidiary, associated and affiliated companies, and its owned or controlled companies as are now or may hereafter be constituted." Ford Credit is a wholly-owned subsidiary of Ford Motor.

Appellants asked the trial court to declare that "the [Michigan Mutual] insurance policy affords liability coverage which would be available to satisfy plaintiffs' claims . . . or to pay any

---

[2] Although the lease agreement required the lessee to maintain liability coverage on the pickup, Haigh's own insurance policy was cancelled for failure to pay premiums approximately two months before the accident.

judgments recovered by plaintiffs against Haigh in the lawsuits".
The appellants filed a motion for summary judgment.  The appellees,
having filed their grounds of defense and a cross-motion for summary
judgment, joined with the appellants in a "STATEMENT OF FACTS NOT IN
DISPUTE".

Based upon that statement, exhibits related to the several
stipulations, other exhibits filed with the cross-motions, and oral
argument by counsel, the trial court issued a letter opinion
sustaining the cross-motions in part and denying them in part.  In a
final judgment order entered June 20, 1997, the court ruled: (1)
that "Haigh is an insured under the subject Michigan Mutual . . .
policy . . . as a permissive user of the vehicle owned by Ford
Credit, as provided in Va. Code § 38.2-2204"; (2) that, "because
Haigh was a permissive user, liability coverage under the Policy
extends to claims of the plaintiffs arising from the accident which
prompted this suit for declaratory judgment"; and (3) that "the
Defendants in this case are entitled to the limitation on liability
set forth in Va. Code § 38.2-2205 and . . . the amount of liability
coverage under the Policy applicable to any liability of Haigh
arising from the accident which prompted this suit for declaratory
judgment is limited to $25,000 per person and $50,000 per accident
as set forth in, and subject to the provisions of, Va. Code §§ 38.2-
2205 and 46.2-472".

I.

3

Appellants' first assignment of error addresses the trial court's third ruling. They contend that the appellees are not eligible for the coverage limitation fixed in Code § 46.2-472 because, they say, Ford Credit is not engaged in the business of leasing vehicles within the intendment of Code § 38.2-2205 but only in the business of financing leases. In pertinent part, § 38.2-2205(A)(1) provides:

> Each policy . . . of bodily injury . . . liability insurance which provides insurance to a named insured in connection with the business of . . . leasing . . . motor vehicles, against liability arising from the . . . use of any motor vehicle incident thereto shall contain a provision that the insurance coverage . . . shall not be applicable to a person other than the named insured . . . if there is any other valid and collectible insurance applicable to the same loss covering the other person under a policy with limits at least equal to the financial responsibility requirements specified in § 46.2-472. Such provision shall apply to motor vehicles which are . . . leased to the other person for a period of six months or more. . . .

In the language of this statute, Ford Credit is a "named insured" under Michigan Mutual's policy covering a vehicle leased to the "other person [Haigh] for a period of six months or more" and Haigh is the "person other than the named insured" covered under that policy because there is no "other valid and collectible insurance . . . covering the other person under a policy with limits at least equal to the financial responsibility requirements specified in § 46.2-472."

4

The dispositive question, then, is whether Michigan Mutual's policy provides insurance to a named insured "in connection with the business of . . . leasing". The appellants insist that Ford Credit's very name identifies it as an entity engaged in the business of financing rather than leasing. The trial court ruled that "Ford Credit did more than just 'finance' the lease of the subject truck." As explained in its letter opinion, the court's ruling was based upon the record and the stipulated facts before it:

> Ford Credit provides the blank lease documents for use by
> Ford dealerships, approves the leases before the
> dealerships enter into them, purchases the vehicles, takes
> assignments of the leases, assumes all of the duties and
> rights of ownership of the leased vehicles, and performs
> administrative duties during the term of the leases.
> Under the terms of the . . . leases, Ford Credit becomes
> the lessor of the vehicles, not just a financial backer.

We agree with the trial court's ruling that Michigan Mutual's policy provides insurance within the intendment of Code §§ 38.2-2205(A)(1) and 46.2-472.

## II.

Yet, appellants maintain that Ford Credit is bound by an admission stated in its "Annual Report on Form 10-K" filed in 1993 with the federal Securities and Exchange Commission that it was in the business of financing. In an alternative assignment of error, they contend that, if that admission was not sufficient to "establish conclusively that Ford Credit is in the business of financing rather than leasing, then the trial court erred in

5

granting [the appellees] summary judgment . . . because a material fact is genuinely in dispute."

We disagree.  Ford Credit's acknowledgement that it was "in the business of financing" is not factually inconsistent with its contention that it is a "named insured" in Michigan Mutual's insurance policy issued "in connection with the business of . . . leasing . . . motor vehicles".  Consequently, we agree with the trial court that Ford Credit was a lessor of the vehicle and that "no material facts remain in dispute."

Finding no merit in the appellants' assignments of error, we will affirm the final judgment entered June 20, 1997.

<u>Affirmed</u>.
